# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY LOVE DAWKINS,** | : | Civil No. 3:20-CV-1467 |
| Plaintiff, | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **KEVIN RANSOM, et al.,** | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### I. Factual and Procedural Background

This case comes before us for resolution of a discovery dispute which is embodied a motion to compel filed by the plaintiff, Jeffrey Love Dawkins. By way of background, Dawkins is a state prisoner who suffered injuries when the toilet he was using suddenly broke and shards of porcelain pierced him. The filings in this case indicate that correctional officials concede that there had been an unfortunate accident in Dawkins' cell relating to the collapse of this toilet, while disputing whether this incident rose to the level of an Eighth Amendment violation.

It is against this backdrop that we consider a motion to compel discovery that has been filed by the plaintiff. (Doc. 37). In this motion, Mr. Dawkins seeks two forms of relief: First, he requests that we direct the defendants to provide him with copies of depositions free of charge. In addition, Dawkins asks that we direct the

1

defendants to provide him copies of pleadings through the Department of Corrections' privileged mail system rather than delivering them through regular U.S. mails. Mr. Dawkins makes this second request regarding receipt of filings through privileged mail because he has allegedly experienced delays in receiving pleadings in the past through U.S. mails due to Corrections mail screening protocols.

This motion is fully briefed and is, therefore, ripe for resolution. For the reasons set forth below, the motion will be GRANTED in part and DENIED in part. Specifically, while we will deny the plaintiff's general request that we order the defendants to provide deposition transcripts to him free of charge, and will decline to order the defense to use privileged mail in communicating with Mr. Dawkins, we will direct that any depositions that are by the defendants presented to the court as evidence also be provided to the plaintiff, and we will liberally allow the plaintiff extensions of time, if necessary, due to mail delivery delays.

## II.   Discussion

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles, particularly when we are considering requests like those made here by an inmate-plaintiff who is proceeding *in forma pauperis* to require the defendants to defray the costs of discovery by providing deposition transcripts at their own expense. On this score:

> [W]e note that nothing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Review of the case law reveals that numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of pre-trial discovery, and have refused such requests. See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D.Del.2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or

3

> pay for a party's discovery expenses.... It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Augustin v. New Century TRS Holding, Inc., No. 08–326, 2008 U.S. Dist. LEXIS 96236, at *7–9, 2008 WL 5114268 (W.D.Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); Badman v. Stark, 139 F.R.D. 601, 605 (M.D.Pa.1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F.Supp. 1070, 1072 (S.D.N.Y.1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D.Wis.1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F.Supp. 660, 661 (S.D.N.Y.1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir.1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Therefore, in light of this settled case law we do not believe that we can, or should, direct the Defendants to bear these costs . . . .

Quarles v. Palakovich, No. CIV.3:07-CV-1905, 2010 WL 2367675, at *2 (M.D. Pa. June 9, 2010). Therefore, to the extent that Dawkins invites us generally to require the defendants to provide him with depositions transcripts at their expense we must decline this invitation. However, we note that to the extent that the defendants intend to rely upon any discovery materials in further proceedings, it is incumbent upon the defense to ensure that a copy of those materials are provided to the plaintiff. We further note that the defense has already followed this course by providing Dawkins

with a copy of the deposition transcript it is relying upon in its pending motion for summary judgment. (Doc. 43-1).

We will also decline Mr. Dawkins' request that we direct the defendants to provide him with copies of filed pleadings through the Department of Corrections' privileged mail system. This privileged mail system exists for a specific, and important, purpose—to allow confidential, privileged communications between inmates and their counsel. Documents which are filed in federal court, or disclosed in discovery, are by their very nature not privileged or confidential. Therefore, using this privileged and confidential channel of communication to transmit these non-privileged matters would be inappropriate. However, recognizing that the screening protocols for other inmate mail may cause some delays, we will address Mr. Dawkins' concerns by assuring him that we will liberally allow the plaintiff extensions of time, if necessary, due to mail delivery delays.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY LOVE DAWKINS,** | : | Civil No. 3:20-CV-1467 |
| **Plaintiff,** | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **KEVIN RANSOM, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 6th day of January 2022, in accordance with the accompanying Memorandum, IT IS ORDERED that the plaintiff's motion to compel (Doc. 37) is GRANTED in part and DENIED in part as follows: while we DENY the plaintiff's general request that we order the defendants to provide deposition transcripts to him free of charge, we will direct that any depositions that are presented to the court by the defendants as evidence also be provided to the plaintiff. IT IS FURTHER ORDERED that we DENY the plaintiff's request that we order the defense to use privileged mail in communicating with Mr. Dawkins, but we will liberally allow the plaintiff extensions of time, if necessary, due to mail delivery delays.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge